## Morris' Estate

Before Lamorelle, P. J., and Gest, Henderson, Van Dusen, Stearne, and Sinkler, JJ.

*H. Eugene Heine,* for exceptant.

*Raymond M. Remick* and *David H. Frantz,* contra.

VAN DUSEN, J., October 27, 1933.—We agree with the master that the testator was primarily interested in Cedar Grove as a historical monument, and only incidentally as a park and playground. As the house has been moved and its upkeep has been provided for by another, the fund of $60,000 for upkeep has lost its primary purpose for existence. The use of surplus income for care of the poor about Cedar Grove is also incidental. The claim of the City Parks Association to apply this fund cy pres for city parks generally is not, we think, within the true purpose of the testator.

The City Parks Association also claims a mortgage of $43,000 held by the accountants on account of purchase money at partition sale of Cedar Grove and representing decedent's interest therein. This matter was not before the master, and should properly be raised at the next audit. We think it proper to say, however, to avoid further litigation, that testator's purpose to preserve Cedar Grove as a historical landmark has been served by the action of Lydia Morris in purchasing the whole at partition sale and removing the bricks and mortar

to Fairmount Park. Cedar Grove, as it was, no longer exists, and to divert $43,000 of testator's property to park purposes, though it be the proceeds of sale of the land at Cedar Grove, would be to divert so much from Cedar Grove to parks generally. As with the other fund, we do not think this is within testator's purpose.

All the exceptions are dismissed and the decree recommended by the master is this day entered.